McCLARE (UNITED STATES v.). See Case No. 15,659.

McCLAY (UNITED STATES v.). See Case No. 15,660.

---

## Case No. 8,691.

### M'CLEAN v. FOWLE.

[2 Cranch, C. C. 118.] [1]

Circuit Court, District of Columbia. Nov. Term, 1816.

LIBEL—ILLEGAL VOTING—DECLARATION — PROPER AVERMENTS.

A declaration for a libel charging the plaintiff with an attempt to put two votes into the ballot-box at a corporate election, must contain an averment of the by-law under which the election was held.

Action upon the case for a libel charging that a neighbor of the printers had been detected in an attempt to put two votes into the ballot-box, and that "the name and the proof are left with the printer." Verdict for the plaintiff, $271.75.

Mr. Swann, for defendant, moved in arrest of judgment, and contended, that the publication contained no libellous matter, no reflection on the plaintiff's moral character, no charge of turpitude, nor does it set forth the election law so as to make it appear that the plaintiff had not a right to put in two votes. This cannot be aided by innuendo. Holt v. Scholefield, 6 Term R. 691. The court cannot judicially notice a by-law not pleaded. 6 Bac. Abr. 375; Rex v. Horne, Cowp. 683; 2 Chit. Pl. 256; 1 Saund. 243; 9 Bac. Abr. "Slander," 2. There is nothing in the libel to designate the plaintiff as the object of it; and this cannot be aided by innuendo. 4 Coke, 17 b. And the averment in the declaration, that the libel was written of and concerning the plaintiff, does not authorize him to prove by evidence dehors the libel, that the plaintiff was the person meant.

Mr. Mason and E. J. Lee, for plaintiff, contended that the whole tenor of the libel showed that it meant to charge the plaintiff with an illegal act, an act of turpitude; and this is sufficient to maintain the action. J'Anson v. Stuart, 1 Term R. 748; Bell v. Stone, 1 Bos. & P. 331; Savile v. Jardine, 2 H. Bl. 531; 5 Coke, 125; King v. Lake, Hardr. 470; King v. Philipps, 6 East, 471.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT (THRUSTON, Circuit Judge, absent,) took time to consider, and arrested the judgment for want of an averment of the by-law respecting the election.